**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK DARELL VAUGHN, | No. 11-55828 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-01483-JM-WMC |
| v. | |
| J. S. WOODFORD; BILL LOCKYER, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Submitted January 7, 2013[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, McKEOWN and M. SMITH, Circuit Judges.

Frank Vaughn appeals the district court's denial of his petition for habeas

corpus. Vaughn argues that there was no manifest necessity for a mistrial in his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

first trial because he was willing to waive his attorney's asserted conflict of interest.

Under AEDPA, the question before us is "not whether the trial judge should have declared a mistrial. It is not even whether it was an abuse of discretion for her to have done so—the applicable standard on direct review." *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010). Rather, the question is whether the California Court of Appeal's determination that the trial court did not abuse its discretion was "based on an unreasonable determination of the facts" or was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *Renico*, 130 S. Ct. at 1862. Under Supreme Court precedent, in cases where a mistrial is ordered over a defendant's objection, retrial is permissible only if there is "manifest necessity" for the mistrial. *Arizona v. Washington*, 434 U.S. 497, 505 (1978). Although a defendant may waive the right to conflict-free counsel, *Holloway v. Arkansas*, 435 U.S. 475, 483 n.5 (1978), a trial court has "substantial latitude" to refuse a defendant's waiver of conflicts of interest where there is an actual or potential conflict. *Wheat v. United States*, 486 U.S. 153, 163 (1988). Courts have "an independent interest in ensuring that criminal trials are conducted

2

within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.* at 160.

Faced with Vaughn's attorney's assertion that he had an "obvious conflict" and could not go forward, the trial court carefully considered Supreme Court and other precedent, appointed conflicts counsel (who agreed with Vaughn's original attorney that a mistrial was in Vaughn's best interest), heard from the parties multiple times, and considered alternatives to a mistrial. The California Court of Appeal's determination that the trial court "had the discretion to reject Vaughn's proffered waiver of his right to conflict-free counsel and to declare a mistrial based on legal necessity, even over Vaughn's objection" was neither "based on an unreasonable determination of the facts," nor was it an "unreasonable application of . . . clearly established Federal law." 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**